IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL DE LEON, RAMON PENA, and
JOSE LUIS RAMIREZ,

                    Plaintiffs,                    OPINION & ORDER

    v.

                                                       16-cv-348-jdp

GRADE A CONSTRUCTION INC.,

                    Defendant.

---

Plaintiffs Gabriel De Leon, Ramon Pena, and Jose Luis Ramirez accuse their former employer, defendant Grade A Construction, Inc., of failing to pay overtime, in violation of the Fair Labor Standards Act (FLSA) and Wisconsin law, and of failing to pay the prevailing wage, in violation of Wisconsin law. Plaintiffs seek to represent an FLSA collective action and a class action under Wisconsin wage and hour laws.

Now Grade A moves to sever plaintiffs De Leon and Pena's claims from plaintiff Ramirez's, Dkt. 19, and to dismiss or transfer those claims for improper venue, Dkt. 9. The court will deny Grade A's motions.

BACKGROUND

When evaluating a motion to dismiss for improper venue, the court considers the complaint's allegations and information submitted via affidavit. *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). The court will accept as true the allegations in the complaint unless information submitted by affidavit contradicts them. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011). The court resolves all factual disputes and draws all reasonable inferences in plaintiffs' favor. *Id.* at 806. Motions to sever,

on the other hand, are not subject to a strict standard of review. *See Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) ("In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case-by-case approach is generally pursued because no hard and fast rules have been established."). Here, the facts relevant to the joinder and venue analyses are largely undisputed.

Grade A is a drywall, insulation, and painting contractor, with its principal place of business in Delafield, Wisconsin, located in the Eastern District of Wisconsin. Dkt. 11. Grade A hires two types of employees: people hired directly by Grade A, or "official Grade A employees"; and people hired by Grade A through a staffing agency, considered "borrowed" workers. Grade A pays its official employees by the hour, including one paid half-hour lunchbreak per workday, but it does not count the lunchbreaks towards the 40 hours per week required to initiate overtime pay (i.e., a standard week runs 42.5 hours). Grade A "banks" official employees' hours worked in excess of 42.5 in a given week, meaning the hours are withheld from that week's paycheck. With Grade A's permission, the employee can tap these hours to supplement paychecks for weeks when the employee does not work 42.5 hours. Borrowed workers, on the other hand, are paid on a piece-rate basis. A piece-rate compensation scheme pays employees according to the number of measurable units, or pieces, they complete. Grade A pays its borrowed workers at the regular piece rate and nothing more, regardless of the number of hours worked per week.

Grade A hired De Leon and Pena as borrowed workers. (Though they later became official employees, their allegations pertain to their work as borrowed workers.) The two worked exclusively on a prevailing wage project located in the Eastern District of Wisconsin. In their proposed FLSA collective action, De Leon and Pena seek to represent "[a]ll piece rate

compensated employees of Grade A whom . . . was [sic] paid at a rate lower than 1.5 times the average wage rate they earned during the first 40 hours of the workweek, for their hours worked over 40 each week." Dkt. 1, ¶ 32.

Ramirez, on the other hand, was an "official Grade A employee" and thus paid by the hour. Ramirez performed worked on prevailing wage projects located in the Western District of Wisconsin. Dkt. 13. For his part in the proposed FLSA collective action, Ramirez seeks to represent "[a]ll employees of Grade A whom . . . lost overtime pay because their hours worked over 42.5 per week were banked, rather than paid in cash." Dkt. 1, ¶ 31.

The court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 because they arise under federal law, and the court may exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367, because the state law claims form part of the same case or controversy.

## ANALYSIS

Plaintiffs' complaint sets forth only some of the facts relevant to plaintiffs' claims. Grade A moved to dismiss for improper venue on the grounds that the complaint did not describe any events that occurred in the Western District of Wisconsin. Dkt. 9. Plaintiffs, in response, offered new facts (via affidavit) that indicate that plaintiff Ramirez's claims arguably arise from events that took place in this district. This new information prompted Grade A to change course, and in lieu of a reply brief, it moved to sever plaintiffs De Leon and Pena's claims from Ramirez's. Dkt. 19. Once severed, Grade A contends, the court will need to dismiss or transfer De Leon and Pena's claims for improper venue.

The court will address Grade A's motion to sever first, followed by whatever venue issues remain.

## A. Motion to sever

Multiple people may join in one action as plaintiffs if "they assert any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Permissive joinder under Rule 20 can create efficiencies, if employed prudently. If joinder is not proper, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 21, the court may sever De Leon and Pena's claims from Ramirez's if their claims are "discrete and separate." *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). "In other words, one claim must be capable of resolution despite the outcome of the other claim." *Id.*

The Seventh Circuit has not adopted hard-and-fast rules for determining when a right to relief arises out of the same transaction or occurrence under Rule 20. *See McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 694 (N.D. Ill. 2009). But the Seventh Circuit "has defined 'transaction or occurrence' in the context of Fed. R. Civ. P. 13, using the logical relationship test." *State Farm Fire & Cas. Co. v. Electrolux Home Prods., Inc.*, No. 11-cv-8946, 2012 WL 1287698, at *6 (N.D. Ill. Apr. 16, 2012) (citing *Bd. of Regents of Univ. of Wis. Sys. v. Phoenix Int'l Software, Inc.*, 653 F.3d 448, 469 (7th Cir. 2011)). "There is no reason why the Seventh Circuit would interpret the same words in Rule 13 and Rule 20 differently." *Id.* (citations omitted). The court finds this reasoning persuasive and will apply the logical relationship test here.

Under the logical relationship test, "[a] court should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Phoenix Int'l Software*, 653 F.3d at 470 (quoting *Burlington N. R.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990)). Here, Grade A contends that plaintiffs have improperly combined what should be two separate FLSA collective actions: one regarding Grade A's "banked hours" compensation scheme, and one regarding Grade A's piece-rate compensation scheme. Plaintiffs maintain that the claims arise from Grade A's "uniform policy" of not paying overtime but that, regardless, all plaintiffs allege the same prevailing wage claims under Wisconsin law.

The court is not persuaded that the FLSA claims arise from the same transaction or occurrence.[1] Grade A contends that the court's joinder analysis should end there. According to Grade A, "it is appropriate to analyze the venue and joinder issues in light of the FLSA claims only, because those claims are the exclusive basis for federal jurisdiction in the first instance." Dkt. 20, at 3 n.2. But Grade A does not cite any authority for this contention. In fact, Rule 20's plain language suggests the opposite, namely, that persons may join in one action as plaintiffs if "they assert *any* right to relief jointly, severally, or in the alternative with

---

[1] Plaintiff Ramirez's FLSA claim arises out of Grade A's "uniform policy of banking overtime hours worked; while Named Plaintiffs De Leon and Pena were victims of Grade A's uniform policy of failing to pay any overtime pay to employees compensated using a piece rate system of compensation." Dkt. 1, ¶ 29. Plaintiffs have separated their FLSA claims into two collective actions: one by Ramirez, on behalf of official employees; and one by De Leon and Pena, on behalf of borrowed employees.

The complaint *does* indicate that Grade A eventually hired De Leon and Pena as official employees, which suggests that De Leon and Pena may have banked-hour claims. *See id.* ¶¶ 46-47. But plaintiffs do not make this argument in their briefs, and the complaint is clear that Ramirez seeks to represent one class of official employees, and De Leon and Pena seek to represent another, separate class of borrowed employees.

respect to or arising out of the same transaction [or] occurrence[.]" Fed. R. Civ. P. 20(a)(1)(A) (emphasis added). Even assuming that the FLSA claims cannot satisfy Rule 20, all three named plaintiffs bring Wisconsin prevailing wage claims arising out of the same set of facts.

Plaintiffs allege that Grade A underpaid them for work performed on prevailing wage projects, pursuant to a uniform policy (of paying regular wages as opposed to the prevailing wage) and in violation of Wisconsin law. Thus, the "transaction" common to each plaintiff here is that policy, *see, e.g.*, *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332-34 (8th Cir. 1974), and there are questions of law and fact common to plaintiffs' claims regarding that policy. The court will deny Grade A's motion to sever De Leon and Pena's claims from Ramirez's without prejudice. At this point, it seems appropriate to keep the claims together in a single suit. And the court cannot say with certainty that the claims are misjoined. But if discovery reveals that this case will become unwieldly or otherwise unmanageable—especially in light of the fact that plaintiffs are pursuing two collective actions and will seek certification of two classes—Grade A may renew its motion.

**B. Motion to dismiss or transfer for improper venue**

Grade A appears to concede that in light of plaintiffs' response to the motion to dismiss, and in the event the court does not sever plaintiffs' claims, venue is indeed proper in the Western District of Wisconsin. *See* Dkt. 20, at 8. Grade A does not argue for dismissal or transfer if De Leon and Pena's claims are properly joined with Ramirez's. And the court's own analysis confirms that venue is proper here.

A civil action is properly venued in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is

> located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(d), a corporation "shall be deemed to reside in any district in [a multi-district] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]" Here, venue is proper in the Western District of Wisconsin if Grade A's contacts with the Western District "directly relate to the challenged conduct or transaction," i.e., specific personal jurisdiction, *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010); or if Grade A is "essentially at home" in the Western District, i.e., general personal jurisdiction, *see, e.g.*, *Abelesz v. OTP Bank*, 692 F.3d 638, 654 (7th Cir. 2012).

Although Grade A's principal place of business is located in the Eastern District of Wisconsin, Ramirez worked on a prevailing wage project in the Western District of Wisconsin. This allegation is sufficient for the court to exercise specific personal jurisdiction over Grade A because Grade A's decision to conduct business in this district—undertaking a job in the Western District—"directly relates to the challenged conduct" (i.e., not paying overtime or the prevailing wage). Accordingly, Grade A can be said to reside here, and this case is properly venued in this district. The court will deny Grade A's motion to dismiss for improper venue without prejudice.

ORDER

IT IS ORDERED that:

1. Defendant Grade A Construction, Inc.'s motion to dismiss for improper venue, Dkt. 9, is DENIED without prejudice.

2. Defendant's motion to sever, Dkt. 19, is DENIED without prejudice.

Entered November 28, 2016.

                                  BY THE COURT:

                                  /s/

                                  _____

                                  JAMES D. PETERSON
                                  District Judge