## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF WISCONSIN

GABRIEL DE LEON,
RAMON PENA, and
JOSE LUIS RAMIREZ, on behalf of
themselves and
all others similarly situated,

        Plaintiffs,                    Case No. 16-CV-348

    v.

GRADE A CONSTRUCTION, INC.

        Defendant.

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

## INTRODUCTION

Plaintiffs De Leon and Pena initially brought individual and class claims against Grade A Construction, Inc. ("Grade A") under the FLSA, Wisconsin wage and hour laws, and Wisconsin prevailing wage laws. At the Rule 23 certification stage, De Leon and Pena opted not to seek certification of a class on their Wisconsin wage and hour and prevailing wage law claims; therefore, only De Leon and Pena's individual Wisconsin law claims remain. Despite remaining the only two members of the FLSA class they seek to represent, De Leon and Pena maintain their collective action against Grade A for alleged FLSA violations. De Leon and Pena's individual Wisconsin law claims and their claims under the FLSA should be dismissed because they have failed establish that Grade A was their employer as defined by the FLSA and Wisconsin wage and hour and prevailing wage law.[1]

---

[1] Jose Luis Ramirez also brought individual and collective claims against Grade A under the FLSA and Wisconsin wage and hour law. Grade A is not moving on Ramirez' claims.

## FACTS

Grade A is a Wisconsin company incorporated in 1983. (Statement of Proposed Findings of Fact ("SPFF") ¶ 1).  Grade A performs drywall, insulation, painting and staining work on construction projects primarily in southeastern Wisconsin but occasionally in Dane and Jefferson Counties as well. (SPFF ¶ 2). Grade A's main office is in Delafield, Wisconsin. (SPFF ¶ 3). Grade A currently employs about 25 individuals who are assigned to various construction projects throughout the area. (SPFF ¶ 4).

In 2014 and 2015 Grade A subcontracted with EC Property Services, Inc. ("EC Properties") primarily for drywall work on two construction projects, the Park Place Project in Madison ("Park Place Project" and the Park East-Avenir Project in Milwaukee ("Avenir Project"). (SPFF ¶ 7). As of 2014, EC Properties employed approximately ten employees, including De Leon and Pena. (SPFF ¶ 9). EC Properties sent approximately five or six employees to the Park Place Project. (SPFF ¶ 11). EC Properties sent between six and eight employees to the Avenir Project. (SPFF ¶ 12).

EC Properties' owner, Anacleto Aguilara, sent invoices to Grade A throughout the construction project, and Grade A paid EC Properties the invoiced amounts by check, periodically – typically every one to two weeks. (SPFF ¶ 16). When employees of EC Properties were performing drywall work, it was Mr. Aguilara's practice to pay them on a piece-rate basis rather than hourly. (SPFF ¶ 39). It was Mr. Aguilara's responsibility to pay his employees. (SPFF ¶ 41).

## ARGUMENT

## I.      DISMISSAL OF DE LEON AND PENA'S CLAIMS IS APPROPRIATE.

Summary judgment is proper where there is no showing of a genuine issue of material fact in the pleadings, depositions, answers to interrogatories, admissions and affidavits, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party. In determining whether a genuine issue of material facts exists, the Court must construe all facts in favor of the nonmoving party. Even so, the nonmoving party must come forward with enough evidence on each of the elements of his claim to show that a reasonable jury could find in his favor. Conclusory allegations and self-serving affidavits, unsupported by the record, will not preclude summary judgment. *Mays v. Grand Daddy's, LLC*, 2015 WL 4373565 (W.D. Wis. July 15, 2015); *Pope v. Espeseth, Inc.*, 228 F. Supp. 3d 884 (W.D. Wis. 2017); *Borello v. Allison,* 446 F.3d 742, 748 (7th Cir.2006); *Haywood v. North Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997). Because it is clear based on the record that Grade A was not an employer of De Leon and Pena under the FLSA and under Wisconsin law, their claims against Grade A should be dismissed.

## II.     DE LEON AND PENA WERE EMPLOYED SOLELY BY EC PROPERTY SERVICES.

### 1.      Grade A was not a joint employer under the FLSA.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In both their Complaint and their Amended Complaint, De Leon and Pena alleged they were **employees of Grade A**. (SPFF ¶ 5). It was not until they filed their Motion for Conditional Certification that De Leon and Pena first claimed they were **joint employees of EC Property Services and Grade A**. (SPFF ¶ 6). Under the FLSA, a joint employer relationship exists when each alleged employer

exercises control over the working conditions of the employees. *Pope v. Espeseth, Inc.*, 228 F. Supp. 3d 884, 889 (W.D. Wis. 2017). Factors to consider when deciding whether an entity, in this case Grade A, exercised the requisite control over the plaintiffs include whether Grade A (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of payment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id.*

There is no question that Grade A did not have the authority to hire and fire EC Property Services' employees. Grade A played no role in deciding who Anacleto Aguilara, the owner of EC Property Services, hired. (SPFF ¶ 10). Grade A simply contracted with EC Property Services to perform primarily drywall work on two construction jobs, and Aguilara decided which of his employees to send to the jobsite each day and how many to send. (SPFF ¶ 13). If EC Property Services' employees were not doing satisfactory work on the job, that would have constituted a breach of the agreement between the two companies, but Grade A had no authority or ability to terminate the individuals' employment with EC Property Services. (SPFF ¶ 14).

Plaintiffs have argued that while working on Grade A jobs, Grade A's "leadman," Alejandro Valerio, and Superintendent, Wade Zaffke, told the employees of EC Property Services what hours they were required to work, authorized them to work overtime, supervised their work on the job, and ultimately offered De Leon and Pena employment with Grade A. (SPFF ¶ 20). As a preliminary matter, Alejandro Valerio was never Grade A's leadman. (SPFF ¶ 23). He was employed by Grade A as an insulator and sometimes provided translation from English to Spanish and vice versa if needed. (SPF ¶¶ 21-22).  Valerio had no supervisory duties or authority, no authority to extend offers of employment to individuals, and no authority to grant anyone permission to work overtime. (SPFF ¶ 23). Additionally, while Zaffke is Grade A's

Superintendent and has supervisory duties at Grade A, he has no authority to extend offers of employment to individuals and no authority to allow people not employed by Grade A to work overtime hours. (SPFF ¶¶ 24-26).

As owners of Grade A, Jim Yaresh and Kathy Yaresh are the only people authorized to offer employment with Grade A. SPFF ¶¶ 27-29). In practice, Jim Yaresh makes all of Grade A's employment offers. (SPFF ¶ 30). He never offered De Leon or Pena a job with Grade A, and they remained employees of EC Property Services for the entire time they worked on Grade A's projects. (SPFF ¶ 33).

To the extent anyone from Grade A "supervised" or checked the work of EC Property Services' employees, this was done only to ensure that the work was done efficiently and properly (as Grade A would have required of EC Property Services as a subcontractor), since no one at Grade A had any authority to fire the employee or withhold the employee's paycheck. (SPFF ¶¶ 14-15). Similarly, if an employee of EC Property Services performed particularly well, no one at Grade A had any authority to promote the employee or give the employee a raise or bonus. (SPFF ¶15). Hiring, firing, and payment of EC Property Services employees were solely the responsibilities of Anacleto Aguilara. (SPFF ¶¶ 14, 15, 19).

Grade A did not decide the method or rate of payment of EC Property Services' employees. (SPFF ¶ 34). Jim Yaresh did tell Anacleto Aguilara that EC Property Services needed to pay its employees at or above the prevailing wage rate on the Park East/Avenir Apartments project.  (SPFF ¶ 35). However, Mr. Yaresh did not tell Aguilara what method of payment to use or how much to pay his employees. (SPFF ¶ 36). In fact, Aguilara chose to pay his employees per sheet of drywall installed, while Mr. Yaresh paid all of his employees by the hour. (SPFF ¶¶ 37, 39). It was solely Aguilara's responsibility to choose the method and rate of

payment for his employees and to ensure that they were properly compensated. EC Property Services periodically submitted invoices to Grade A, Grade A would pay EC Property Services according to the invoices, and then EC Property Services would pay its employees. (SPFF ¶¶ 16, 17, 19). This does not equate with joint employment.

Last, Grade A does not maintain and never has maintained any employment records for EC Property Services employees. (SPFF ¶ 44). While the EC Property Services certified payroll records for the Avenir Project were physically created by Jim Yaresh, all of the underlying information used to prepare the records was provided to him by Anacleto Aguilara. (SPFF ¶¶ 47-48). Grade A maintained no records of when or which employees of EC Property Services worked, and Grade A maintained no records of how many hours were worked by each employee of EC Property Services. (SPFF ¶¶ 44-45).

2.   Grade A was not a joint employer under Wisconsin wage and hour laws.

To prevail on their state law wage and hour claims, De Leon and Pena must show that in addition to being employees of EC Property Services, they were also employees of Grade A within the meaning of Wisconsin wage law. Wisconsin courts have repeatedly found that the definition of employer under Wisconsin wage and hour laws is similar to the definition of employer under the FLSA and have dismissed claims under both the FLSA and Wisconsin wage and hour law because the defendant was not an employer as defined by the FLSA. *See Pope v. Espeseth, Inc.*, 228 F.Supp.3d 884 (2017); *Montana v. JTK Restorations, LLC*, 2015 WL 5444945 (E.D. Wis. Sept. 14, 2015); *Mays v. Grand Daddy's, LLC*, 2015 WL 4373565 (W.D. Wis. July 15, 2015).

As discussed above, De Leon and Pena were never employees of Grade A. Grade A did not pay them and they were never subject to the rules and policies established by Grade A for its

own employees. (SPFF ¶¶ 18, 33, 49). For example, Grade A did not require De Leon and Pena, or any other employees of EC Property Services, to be on the jobsite at any particular time. (SPFF ¶ 50).  Grade A had no control over the hours worked by De Leon, Pena, or any other employees of EC Property Services. (SPFF ¶ 50). The owner of EC Property Services would tell Grade A when his employees would show up at the jobsite, and Grade A relied on those statements. (SPFF ¶ 51). De Leon and Pena were never hired by Grade A, they were not subject to Grade A's employee rules and policies, they were not paid by Grade A, and their work hours were not controlled by Grade A. (SPFF ¶¶ 18, 33, 49, 50). Therefore, De Leon and Pena were only employees of EC Property Services, and their claims against Grade A should be dismissed.

3.   EC Property Services was the sole employer of De Leon and Pena under Wisconsin's prevailing wage laws.

De Leon and Pena claim that Grade A violated Wisconsin's prevailing wage laws when it "failed to pay to persons, whom it classified as, or legally should be considered as its employees" at the prevailing wage rate and when it failed to pay those same persons at a wage rate equal to 1.5 times their straight prevailing wage rate for overtime, weekend, or holiday hours worked. (SPFF ¶ 52). They claim that Grade A, not EC Property Services, was the sole employer of De Leon and Pena within the meaning of DWD §290.01(6) and was therefore solely responsible for paying the required straight time and overtime prevailing wages to De Leon and Pena. (SPFF ¶ 53).

The administrative rule DWD §290 applies to all Wisconsin prevailing wage rate determinations. DWD §290.01(6) defines "employer" as "any contractor, subcontractor, agent or other person…doing or contracting to do all or a part of the work." EC Property Services was a drywall subcontractor, and although there was no written contract between Grade A and EC Property Services, EC Property Services was treated as a subcontractor. This treatment is

established by the repeated listing of EC Property Services as a subcontractor on the multiple Subcontractor Sworn Statements submitted in support of Grade A's payment applications as well as the lien waiver executed by EC Property Services. (SPFF ¶¶ 56-57). It was clear to everyone involved that EC Property Services was a subcontractor, and subcontractors are explicitly included in the Wisconsin prevailing wage laws definition of "employer."

As discussed above, because De Leon and Pena were employees of EC Property Services and not Grade A, it was the responsibility of EC Property Services, not Grade A, to ensure that its employees were properly compensated. De Leon and Pena's claims against Grade A should be dismissed.

## II.      DE LEON AND PENA WERE NOT EMPLOYED BY GRADE A.

In addition to claiming that they were jointly employed by Grade A and EC Property Services, De Leon and Pena also assert that after about two weeks of working for EC Property Services on the Avenir Project in Milwaukee, they were then hired directly by Grade A. (SPFF ¶ 31). They do not claim that any other employees of EC Property Services went to work directly for Grade A. (SPFF ¶ 32). Grade A has repeatedly denied that De Leon and Pena were ever employed by Grade A, and De Leon and Pena have failed to provide **any** evidence in support of their claim.[2]

As discussed above, Jim Yaresh and Kathy Yaresh are the only people authorized to offer employment with Grade A, and Jim makes all of Grade A's employment offers. (SPFF ¶¶ 29-30). Jim never offered De Leon or Pena a job with Grade A, and they remained employees of EC Property Services for the entire time they worked on Grade A projects. (SPFF ¶ 33). There are

---

[2] To survive Grade A's summary judgment motion, De Leon and Pena must come forward with enough evidence on each of the elements of their claims to show that a reasonable jury could find in their favor. *Mays v. Grand Daddys LLC*, 2015 WL 4373565 (W.D. Wis. 2015). Because of their failure to provide any evidence in support of their claim that they were hired by Grade A directly, their claim must be dismissed.

certified payroll records for EC Property Services showing that De Leon and Pena were employed by EC Property Services through at least October 2014. (SPFF ¶ 46). There are no Grade A timesheets for De Leon and Pena. (SPFF ¶ 45). There are no Grade A payroll records for De Leon and Pena. (SPFF ¶ 45). It is true that a number of checks from Grade A to De Leon and Pena were produced, and De Leon and Pena have insinuated that the checks must be paychecks. However, plaintiffs cannot produce admissible evidence to rebut Grade A's uncontradicted showing that the checks were issued to pay De Leon and Pena for a variety of construction equipment and supplies sold to Grade A by De Leon and Pena on a number of occasions. (SPFF ¶ 54-55). Because De Leon and Pena can produce no admissible evidence in support of their claims that they were hired directly by Grade A, their claims against Grade A fail and must be dismissed.

## CONCLUSION

For the reasons stated in this brief, Defendant Grade A Construction, Inc. respectfully requests that the claims of Plaintiffs De Leon and Pena be dismissed with prejudice.

Dated this 18th day of August, 2017.

**LAFFEY, LEITNER & GOODE LLC**

By:   /s/Joseph S. Goode
      Joseph S. Goode
      State Bar No. 1020886
      Mark M. Leitner
      State Bar No. 1009459
      Allison E. Laffey
      State Bar No. 1090079
      LAFFEY, LEITNER & GOODE LLC
      325 E. Chicago Street
      Suite 200
      Milwaukee, WI  53202
      (414) 312-7003
      (414) 755-7089 (facsimile)
      jgoode@llgmke.com
      mleitner@llgmke.com
      alaffey@llgmke.com

      *Attorneys for Defendant*