IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GABRIEL DE LEON, RAMON PENA,
JOSE LUIS RAMIREZ,

On behalf of themselves and
all others similarly situated,

                    Plaintiffs,

  v.

GRADE A CONSTRUCTION, INC,

                    Defendant.

OPINION & ORDER

16-cv-348-jdp

---

Plaintiffs Gabriel De Leon, Ramon Pena, and Jose Luis Ramirez brought this action under the Fair Labor Standards Act and Wisconsin law, challenging two alleged employment practices of defendant Grade A Construction, Inc. First, plaintiffs challenged a practice called "banking," under which an employee who worked more than 40 hours in a particular week could "bank" his overtime hours rather than get paid for them and then "cash in" the hours at a later time when the employee worked fewer than 40 hours in a week. Second, plaintiffs challenged the way that Grade A allegedly paid employees it obtained from staffing agency EC Property Services. According to plaintiffs, Grade A would pay those employees at the same piece rate even when they worked more than 40 hours in a week. The court conditionally certified both groups as collective actions under the FLSA. Dkt. 55.

Now several new motions are before the court: (1) plaintiffs' motion to certify the first group of employees (related to "banking") under Rule 23 of the Federal Rules of Civil Procedure for violations of Wisconsin law, Dkt. 49; (2) Grade A's motion to decertify the FLSA collective actions related to both groups of employees, Dkt. 86; (3) plaintiffs' motion for partial

summary judgment, Dkt. 97; (4) Grade A's motion for partial summary judgment, Dkt. 104; and (5) Grade A's motion to strike as untimely the notice of consent filed by Jose Medina Coronado, Dkt. 110; (6) Grade A's motion for leave to file an untimely set of proposed findings of fact, Dkt. 122; (7) plaintiffs' motion to strike those proposed findings of fact, Dkt. 130; and (8) plaintiffs' motion to continue the trial date, Dkt. 133.

The court concludes that class certification is not appropriate in this case because plaintiffs have failed to show that their proposed class is so numerous that joinder of all members is impracticable. Accordingly, the court will deny plaintiffs' motion for class certification of the state law claims and grant Grade A's motion for decertification of the FLSA claims, and give plaintiffs an opportunity to join more employees as plaintiffs. The court will deny all other motions as moot or premature, with the exception of the motion to continue the trial date, which the court will grant.

## ANALYSIS

Plaintiffs originally sought class or collective treatment for three groups of employees: (1) employees with claims under the FLSA related to Grade A's alleged "banking" policy (a proposed collective action); (2) employees with claims under state law related to Grade A's alleged "banking" policy (a proposed Rule 23 class); and (3) employees with claims under the FLSA related to Grade A's alleged policy of underpaying employees paid at a piece rate (a proposed collective action). In their response to Grade A's motion to decertify, plaintiffs say that they are no longer seeking to represent a collective action for the third group of employees, Dkt. 108, at 1, so the court will focus on the first two groups.

Although Rule 23 (governing class actions) and 29 U.S.C. § 216(b) (governing collective actions) do not use the same language for certification, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 n.1 (2013), the Court of Appeals for the Seventh Circuit has held that a court should apply the Rule 23 standard in both types of cases. *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) ("[D]espite the difference between a collective action and a class action and the absence from the collective action section of the Fair Labor Standards Act of the kind of detailed procedural provisions found in Rule 23, there isn't a good reason to have different standards for the certification of the two different types of action."). Rule 23 lists several prerequisites to class certification, but in this case, the first prerequisite is dispositive: "the class [must be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

Plaintiffs estimate that there are approximately 20 to 25 members in their proposed state law class and four members in their proposed FLSA collective action. Although 20 to 25 members is not insufficient per se for a class, it is on the lower end of proposed classes that courts have certified. James Wm. Moore, 5 *Moore's Federal Practice* § 23.22[1][b] (3d ed.) ("Many courts have found that classes numbering fewer than 21 fail to meet the numerosity requirement."); Wright & Miller, 7A *Federal Practice and Procedure* § 1762 (3d ed.) ("Although there is no definite standard as to what size class satisfies Rule 23(a)(1), . . . [c]lasses containing [between two and 26] members have been held to be too small to allow an action to be maintained under Rule 23."). When the number of proposed class members is relatively small, it is less reasonable to infer in the absence of evidence that joinder is impractical. *Pruitt v. City of Chicago, Illinois*, 472 F.3d 925, 926–27 (7th Cir. 2006) (affirming decision in employee discrimination case in which district court denied class certification on ground that plaintiffs

3

failed to show that joining 40 plaintiffs would be impractical). Plaintiffs have not adduced such evidence.

First, plaintiffs do not allege that it would be difficult to locate and contact each potential plaintiff to ask whether he or she would be interested in joining the case. In fact, plaintiffs say that they have already identified most of the employees in the proposed class. And because all of the proposed class members are current or former employees of a single employer at a single location, it is unlikely that the employees are "geographically dispersed." Wright & Miller, *supra*, at § 1762 ("[W]hen the court finds that the class members are widely dispersed geographically, then their joinder may be deemed impracticable, whereas, depending on their numbers, class members located in a single geographic location may not meet the requirement.") (footnotes omitted).

Second, interest in joining the class appears to be weak, suggesting that the actual number of class members may be significantly fewer than 20. Only three employees other than Ramirez have consented to join the FLSA claim, Dkts. 83–85, which raises the same issue about banking as the state law claim.[1] And more than a dozen employees have filed declarations stating that they *prefer* the option of banking their overtime hours, Dkts. 58–70, which suggests that those employees will not be interested being members of the class. *Franklin Container Corp. v. Int'l Paper Co.*, No. 77-3204, 1982 WL 1958, at *2 (E.D. Pa. May 12, 1982) ("Given the overwhelming lack of interest in this litigation shown by members of the potential class, I believe plaintiffs have failed to establish that the class is so numerous that joinder of all members is impracticable."). *Cf. Ricard v. KBK Servs., Inc.*, No. 15-cv-299-jdp, 2016 WL

---

[1] Plaintiffs De Leon and Pena are not members of the proposed collective action.

4691608, at *1 (W.D. Wis. Sept. 7, 2016) (reconsidering certification as result of "low interest levels in the case"); Wright & Miller, *supra*, § 1762 ("[E]vents subsequent to the institution of the action, such as intervention or widespread opting out by members of a Rule 23(b)(3) class, may make joinder practicable and lead to a re-evaluation of the propriety of class-action treatment.").

Plaintiffs suggest that the reason for the low level of interest may be the employees' concern about potential retaliation. That is a legitimate concern in any case in which the defendant has a certain amount of control over the potential class member, but plaintiffs do not explain how that concern is alleviated by allowing the case to proceed as a class. Although a class member can join the case without taking any affirmative steps, any employee's participation in this lawsuit will be obvious to the defendant, regardless whether employees are joined as plaintiffs or simply included in a class, particularly because of the small size of the proposed class. Because approximately half the proposed class has already taken the affirmative step of filing a declaration stating his opposition to the lawsuit, it seems unlikely that any of those employees would hesitate to opt out of any class that is certified. In any event, plaintiffs do not allege that they or any other employees have been threatened or suffered any adverse consequence as a result of this lawsuit. Plaintiffs must support their class certification motion with more than speculation. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

Finally, plaintiffs are not seeking injunctive relief, so any certified class could not include future employees. Moore, *supra*, at § 23.22[1][f] ("Class-action plaintiffs seeking injunctive or declaratory relief frequently seek to define a class to include people who might be injured in the future."). In fact, it is undisputed that Grade A no longer allows its employee to "bank" their overtime hours. Plaintiffs contend that Grade A could revert to its old ways at

5

some point, so future employees could benefit from a class action judgment even if they are not members of the class. The court does not doubt that a money judgment could deter future violations, but that would be the case regardless whether the judgment is the result of a certified class or a case with multiple plaintiffs.

In their reply brief, plaintiffs argue that their proposed class is sufficiently numerous because damages for the individual employees are relatively small and because the legality of Grade A's practice of "delay[ing] payment of overtime wages through banking can be resolved uniformly in one forum." Dkt. 78, at 4. These arguments miss the point. The question under Rule 23(a)(1) is not whether it makes sense for injured parties to combine their claims rather than litigate them individually; the question is whether plaintiffs can combine their claims through joinder rather than through class certification. Because plaintiffs have not shown that joinder is impracticable, the court concludes that the proposed class is not sufficiently numerous and will deny plaintiffs' motion for class certification.

As for the proposed collective action, plaintiffs do not contend that it would be impracticable to join three other employees. Instead, they contend that collective actions do not have a numerosity requirement. But the court of appeals rejected that view in *Espenscheid*, 705 F.3d at 772, when it held that the standards for certifying a class or collective action are the same. And because the court is denying the motion for class certification, it makes sense for the federal and state law claims to proceed in the same fashion. Plaintiffs do not contend that they will suffer any unfair prejudice if they are required to join the other employees. Accordingly, the court will grant Grade A's motion to decertify the collective action.

Because the court has concluded that joinder is a feasible option for plaintiffs, it follows that plaintiffs should have an opportunity to join other interested employees under Rule 20 of

6

the Federal Rules of Civil Procedure. Defendants object to this, but they cite no authority for their position. Defendants cannot argue on one hand that class certification is unnecessary because joinder is an adequate substitute and then argue on the other hand that plaintiffs should be deprived of an opportunity to join other plaintiffs. Accordingly, the court will set a new deadline for plaintiffs to amend their complaint to add (or drop) plaintiffs.

The resolution of the certification motions moots Grade A's motion to strike as untimely the notice of consent filed by Jose Medina Coronado. And because the more limited scope of the case could affect the parties' summary judgment positions, the court will deny the summary judgment motions without prejudice and deny as moot the motions related to the parties' proposed findings of fact. The court will grant plaintiffs' motion to postpone the trial, and also strike the remaining schedule and require the parties to submit a joint status report. After receiving that report, the court will set a new schedule that will provide for the efficient resolution of the remaining issues in this case.

ORDER

IT IS ORDERED that:

1. The motion for class certification filed by plaintiffs Gabriel De Leon, Ramon Pena, and Jose Luis Ramirez's motion for class certification, Dkt. 49, is DENIED.

2. Defendant Grade A Construction Inc.'s motion to decertify both of plaintiffs' collective actions under the FLSA, Dkt. 86, is GRANTED.

3. Plaintiffs' motion for partial summary judgment, Dkt. 97, and Grade A's motion for partial summary judgment, Dkt. 104, are DENIED WITHOUT PREJUDICE.

4. Grade A's motion to strike as untimely the notice of consent filed by Jose Medina Coronado, Dkt. 110, Grade A's motion for leave to file an untimely set of proposed findings of fact, Dkt. 122, and plaintiffs' motion to strike those proposed findings of fact, Dkt. 130, are DENIED as moot.

5. Plaintiffs' motion to continue the trial date, Dkt. 133, is GRANTED. The schedule is STRUCK. Plaintiffs may have until January 16, 2018, to file an amended complaint for the purpose of adding or dropping parties.

6. No later than February 14, 2018, the parties should submit a joint report to the court on the question whether additional discovery is needed or whether the case may proceed directly to dispositive motions, along with a proposed schedule. If the parties cannot agree, they may submit separate reports. Once the court receives the parties' input, the court will set a new schedule for the remainder of the case.

Entered December 13, 2017.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge